HAMITER, Justice
(dissenting).
In City of Shreveport v. Southwestern Gas and Electric Company, 151 La. 864, 92 So. 365, 367 the following was said: “In reading the city charter for ascertaining whether it confers this power we are to bear in mind that grants of power to a city beyond those necessary for its properly functioning as a municipality are construed strictly, and that any reasonable doubt is resolved against the corporation. * * *
“Indeed, this power compulsorily to impose rates being a high attribute of sovereignty, not particularly needed by municipalities for properly functioning, and not usually delegated to them, its delegation could not well be held to have *529 resulted unless from such terms as were positive or absolutely unmistakable.” See also People’s Gas and Fuel Company, Inc., v. Louisiana Public Service Commission, 177 La. 722, 149 So. 435. In the light of this principle it is clearly improper to hold, in my opinion, that the charter of the City of Monroe (Act 47 of 1900, as amended and re-enacted by Acts 35 of 1904 and 130 of 1906) grants the power compulsorily to fix rates; for therein no delegation to that effect is set forth in “positive or absolutely unmistakable” terms.
In fact, a reading of the pertinent charter provisions without applying the doctrine of the Southwestern Gas and Electric Company case convinces me that the rate-making right given thereby to the City of Monroe relates solely to the operation of municipally owned plants. Incidentally, a like conclusion was reached by this court in People’s Gas and Fuel Company, Inc., v. Louisiana Public Service Commission, supra, when construing substantially similar provisions contained in the charter of the City of Ruston.
I respectfully dissent.